IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2146-FL

| | |
|---|---|
| MITCHELL KARACHINSKI, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRICK TRIPP, UNITED STATES OF )<br>AMERICA, and THE UNITED )<br>STATES FEDERAL BUREAU OF )<br>SENTENCE COMPUTATION, )<br>)<br>Respondents. )<br>) | ORDER |

This matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 6) of respondent Warden Brick Tripp ("respondent"). The motion was fully briefed. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**STATEMENT OF THE CASE**

Plaintiff, a federal inmate incarcerated at Rivers Correctional Institution, is serving a term of imprisonment of ten (10) years, one month, and nine days. (Pet. Attach.) Petitioner has received a total of one thousand five hundred ninety-six (1596) days of prior custody credit, and three hundred twenty-four (324) days of good conduct time credit. (Id.) Petitioner's projected release date is April 18, 2015. (Id.)

On June 28, 2013, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging that he has earned more good time credit ("GTC") than the Federal Bureau of Prisons ("BOP") has

awarded him under 18 U.S.C. § 3624. On January 30, 2014, respondent filed a motion to dismiss arguing that petitioner's petition fails to state a claim upon which relief my be granted. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

B.   Analysis

Petitioner challenges the BOP's calculation of his GTC. Petitioner claims that under 18 U.S.C. § 3624(b), the calculation of good time credit should be based on the length of the sentence imposed, as opposed to the BOP's calculation, which is based on the actual time served. Under petitioner's calculation, he claims he is entitled to an additional three hundred seventy-eight (378) days of good time credit pursuant to § 3624, which would result in a projected release date of April 5, 2014.

The BOP is granted authority under § 3624 to award and calculate GTC. The statute provides in pertinent part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life [] may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [I]f the Bureau determines that, during the year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP interprets the statute to award inmates fifty-four (54) days of GTC for each year the inmate serves in prison and to prorate the amount of GTC for the last partial year. See 28 C.F.R. § 523.20.

The United States Court of Appeals for the Fourth Circuit has held that the phrase "term of imprisonment" as used in 18 U.S.C. § 3624 is ambiguous as to how GTC is awarded. Yi v. Fed.

3

Bureau of Prisons, 412 F.3d 526, 533 (4th Cir. 2005). The Fourth Circuit further held that the BOP "has reasonably interpreted the statute so as to require the calculation of GTC based upon the inmate's time served." Id. at 534; see also, Fiandor v. Stansberry, No. 5:04-HC-511-FL, 2006 WL 5845652, at *2 (E.D.N.C. Jan. 17, 2006), aff'd, 186 F. App'x 357 (4th Cir. 2006). Because the Fourth Circuit has directly addressed and rejected petitioner's proposed interpretation of 18 U.S.C. § 3624, petitioner fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 6) is GRANTED. The Clerk of Court is DIRECTED to close this case

SO ORDERED, this the 22nd day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

4